FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

98 NOV -4 AM 9: 38

U.S. DISTRICT COURT
N.D. OF ALABAMA

MICHAEL SIMS, )
)
    Plaintiff, )    No. CV-96-P-1197-S
)
-vs.- )
)
PIGGLY WIGGLY ALABAMA )
DISTRIBUTING CO.; )
TEAMSTERS UNION, )    ENTERED
A RULE 19 PARTY, )
)    NOV 0 5 1998
    Defendants. )

## MEMORANDUM OPINION

Piggly Wiggly Alabama Distributing Co., Inc. filed two motions for summary judgment with this court on July 24, 1997.[1] The first motion requests summary judgment as to the plaintiff's Title VII and ADEA claims, while the second seeks summary judgment as to all of the plaintiff's claims. The motions were taken under submission after the September 26, 1997 motion docket. For the reasons expressed below, the defendants' summary judgment motion is due to be GRANTED as to all of the plaintiff's claims.

### Facts

The plaintiff, Michael Sims, is a 55 year-old black male and former employee of Piggly

---

[1] Defendant Teamsters Union is a Rule 19 Party to this action. Pursuant to an order entered by this court on August 13, 1996, the union remains a party for the sole purpose of being bound by any injunctive relief that this court deems appropriate, but is not a party against whom the plaintiff may seek damages.

1



Wiggly Alabama Distributing Company ("Piggly Wiggly ADC"). Piggly Wiggly ADC, the defendant, is a cooperative grocery warehouse located in Bessemer, Alabama that supplies groceries to independently owned Piggly Wiggly grocery stores. Piggly Wiggly ADC employs workers in its warehouse as well as truck drivers who transport groceries to the grocery stores. The employees' salaries, benefits and certain other employment conditions are governed by a collective bargaining agreement between Piggly Wiggly ADC and the Teamsters Local Union 612. Sims worked for Piggly Wiggly ADC as a truck driver from 1977 until he was terminated in 1995.[2]

Prior to his termination, Sims was involved in two "chargeable"[3] trucking accidents within a two year period.[4] After the second accident in December of 1994, Sims was temporarily transferred to a warehouse position. Although Sims sought a permanent position in the warehouse, the Director of Human Resources, Avery Key, fired the plaintiff due to "recklessness resulting in a serious accident." According to Key, the insurance carrier for Piggly Wiggly indicated that it would no longer insure Sims after the second major accident.

Sims filed an EEOC charge in which he alleged that he was terminated because of his age

---

[2] While working for Piggly Wiggly ADC, the plaintiff's employment was governed by the terms of the collective bargaining agreement.

[3] Piggly Wiggly's five member Accident Review Board hears and determines the cause of all major accidents in which Piggly Wiggly drivers are involved. After review by the board, the accident is deemed "chargeable" or "non-chargeable." A chargeable accident means that the accident is due to the fault of the driver. Avery Key, Piggly Wiggly's Director of Human Resources, served as Chairman of the Accident Review Board.

[4] Initially, the July 28, 1993 accident was ruled "non-chargeable". However, the Accident Review Board apparently later changed that ruling upon finding that the December 30, 1994 accident, which involved very similar circumstances, was "chargeable".

2

in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq. The EEOC charge did not include any allegation of race discrimination. After receiving his Right to Sue Letter, Sims timely filed a complaint[5] with this court, alleging violations of Title VII, 42 U.S.C. § 1981, and the ADEA.[6] The defendant filed the summary judgment motions presently before the court on July 24, 1997.

## Anaylsis

### Race Discrimination Under § 1981

Section 1981 provides in pertinent part: "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981. As with Title VII claims, the critical element in a race discrimination case under § 1981 is discriminatory intent. In order to succeed in a claim for racial discrimination under either Title VII or § 1981, a plaintiff must prove intentional discrimination by either direct or indirect evidence. Direct evidence of discriminatory intent is found in such actions as a decisionmaker's discriminatory remarks made in the context of his decision. See Walker v. Nationsbank of Florida, 53 F.3d 1548, 1555 (11th Cir. 1995). Intentional discrimination can also be proven by presenting circumstantial evidence under the burden-shifting

---

[5] The defendant asserts that the plaintiff's claims are time-barred for failure to file a complaint within 90 days of receiving his right to sue letter. However, the evidence shows that Sims filed his federal complaint 85 days after receiving his Right to Sue Letter. Thus, the complaint is timely.

[6] The defendant also argues that the plaintiff's Title VII claim is barred because Sims did not allege race discrimination in his EEOC charge. While this is true, because the plaintiff also alleged violations under 42 U.S.C. § 1981 in his complaint, he may proceed with his race discrimination claims on this alternative basis. See Lightner v. Town of Ariton, 902 F. Supp. 1489, 1495 (M.D. Ala. 1995).

3

analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 293 (1973), and Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981). Under the burden-shifting approach, a plaintiff must first establish a prima facie case of discrimination by showing that (1) he belongs to a protected class, (2) he was qualified for the position held at the time of discharge, (3) he was discharged, and (4) he was replaced by someone outside the protected class whose qualifications were less or equal to his. See Walker, 53 F.3d at 1556.

Once the plaintiff presents this prima facie case, the burden shifts to the employer to articulate a "legitimate, non-discriminatory reason for the employment action." See Burdine, 450 U.S. at 256-59. If the defendant meets this burden, then the burden shifts once again to the plaintiff to present evidence showing that the employer's alleged non-discriminatory reasons were merely pretexts for discrimination. Satisfying the elements of the McDonnell Douglas test is important for two main reasons: "first, it creates a presumption of unlawful discrimination that the employer must rebut or lose as a matter of law; and, second, it means that the plaintiff has presented evidence allowing a reasonable trier of fact to infer unlawful discrimination." Carter v. Three Springs Residential Treatment, 132 F.3d 635, 642-43 (11th Cir. 1998). However, if the employer successfully carries its burden to articulate legitimate non-discriminatory reasons for the employment action, the presumption of discrimination disappears and "leaves only the ultimate question- - whether the employer's offered explanations are pretextual." Carter, 132 F.3d at 643.

The plaintiff in this case has not presented direct evidence of discriminatory intent with regard to his employer's decision to terminate him. Furthermore, the plaintiff's indirect evidence also fails to establish discriminatory intent. Even assuming that the plaintiff has presented an

4

adequate prima facie case of racial discrimination,[7] the defendant has offered legitimate, nondiscriminatory reasons for terminating the plaintiff's employment. Nothing in the record indicates that the defendant's proffered reasons are illegitimate or discriminatory. Indeed, no reasonable jury could find that "a discriminatory animus was a 'motivating factor' in the defendant's decision" to fire the plaintiff based on the evidence offered by the plaintiff. Allen v. City of Athens, 937 F. Supp. 1531, 1546 (N.D. Ala. 1996).

Because the plaintiff has failed to show that there is a genuine issue of material fact regarding any alleged intentional racial discrimination in connection with this termination, the defendant's motion for summary judgment is due to be granted as to the race discrimination claim.

Age Discrimination under the ADEA

The Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq., forbids discrimination by employers against persons who are over forty years of age. In the Eleventh Circuit, a plaintiff claiming age discrimination must initially establish a prima facie case by either (1) producing direct evidence of discriminatory intent, (2) showing circumstantial evidence of discrimination under the McDonnell Douglas framework, or (3) presenting statistical proof. See Carter v. City of Miami, 870 F.2d 578, 581 (11th Cir. 1989); McDonnell Douglas Corp. v. Green, 411 U.S. 293 (1973). Because the plaintiff did not present either direct evidence or statistical proof in this case, only the second method is at issue.

---

[7]Although there is some disputed evidence as to whether the plaintiff was actually replaced by a person outside the protected class, for the purposes of this motion for summary judgment, all inferences are drawn in favor of the plaintiff. Therefore, the court assumes that the plaintiff has met his prima facie case.

5

As with the race discrimination claim, the plaintiff has not presented any evidence to establish discriminatory intent by the defendant with regard to his age. Assuming once again that the plaintiff presented an adequate prima facie case of age discrimination, the reasons offered by the defendant for terminating the plaintiff are legitimate and nondiscriminatory. The plaintiff has failed to present any evidence that would allow a reasonable jury to find that the defendant's proffered reasons were illegitimate or discriminatory. Therefore, the defendant's motion for summary judgment as to the plaintiff's ADEA claim is also due to be granted.

## Conclusion

Because the plaintiff has failed to show that there are genuine issues of material fact as to either the race or age discrimination claims, the defendant's motion for summary judgment is due to be granted as to all of the plaintiff's claims.

Dated: _Nov. 3_, 1998.

_____
Chief Judge Sam C. Pointer, Jr.

Service List:
   Jon Craig Goldfarb
   Mark L. Taliaferro, Jr.
   Dent M. Morton
   John E. Norris
   Shannon G. Marty
   Lynn Agee
   John L. Quinn